IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALBERT WINFREY-BEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-cv-1282-NJR |
| | ) |
| JOHN BALDWIN, JON FATHEREE, | ) |
| ASSISTANT WARDEN MCABEE, | ) |
| DAVID STOCK, MAJOR MACOBY, | ) |
| MAJOR JOHNSON, MAJOR HARRIS, | ) |
| LT. JACK, C/O VOLLS, MONIKA | ) |
| CHRISTIANSON, CHRISTOPHER | ) |
| BOEHLER, C/O TOEINESS, | ) |
| CHAPLAIN LAMBERT-GOHEEN, and | ) |
| JOHN DOE CORRECTIONAL | ) |
| OFFICER, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

**ROSENSTENGEL, Chief Judge:**

Plaintiff Albert Winfrey-Bey, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Graham Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while he was at Centralia Correctional Center. In his Complaint (Doc. 1), Winfrey-Bey alleges Defendants retaliated against him, subjected him to inhumane conditions, and interfered with his religious practice.[1] Winfrey-Bey seeks declaratory judgment and monetary damages.

---

[1] In addition to his Complaint, Winfrey-Bey has filed a number of exhibits and supplements (Docs. 9, 16, 18, and 21). To the extent any of the supplements seek to add additional claims and clarify original claims, the Court does not allow piecemeal amendments. Thus, those potential claims are **DISMISSED without prejudice**.

1

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Winfrey-Bey's Complaint is lengthy and confusing. It is 102 pages in length and contains numerous exhibits and information on the Moorish Science Temple. His actual statement of claim is found in the second part of his Complaint at pages 17-23 (Doc. 1-1, pp. 17-23). His Complaint also contains numerous piecemeal exhibits (Docs. 9, 16, 18, and 21). The Court has done its best to decipher the following allegations from the Complaint (Doc. 1): On October 25, 2018, Winfrey-Bey was called to a meeting with Warden Jon Fatheree, Major Macoby, Major Harris, and Major (also identified as a Lieutenant) Johnson regarding a complaint Winfrey-Bey made to the state against Fatheree (Doc. 1-1, p. 17). In response to Winfrey-Bey's complaint, the officers wrote a false disciplinary report and placed Winfrey-Bey in segregation (*Id.*). Winfrey-Bey initiated a hunger strike to demonstrate his outrage over the disciplinary report. Fatheree destroyed the disciplinary report and placed Winfrey-Bey in the infirmary to address his hunger strike (*Id.* at p. 18). Lieutenant Jack placed him in a cell designed for psychiatric patients and which lacked electrical outlets and hot running water (*Id.*). The cell was also freezing cold. He spoke with Warden Stock about the conditions, but Stock stated that he was not cold in the cell (*Id.*). Winfrey-Bey believes he was placed in the cell in retaliation for his complaint to the state.

Winfrey-Bey sent a letter to John Baldwin about Fatheree's actions, but he did nothing (Doc. 1-1, p. 18). Fatheree then directed the law librarian, Christopher Boehler, to block Winfrey-Bey's access to the law library (*Id.* at p. 19). Although Winfrey-Bey had court deadlines, he was not allowed access.

Winfrey-Bey also alleges that his mail was opened by Monika Christianson on three occasions: two letters that were returned from a congressman and one letter returned from the NAACP Legal Defense Fund (Doc. 1-1, p. 19). Although he acknowledges that the addresses were possibly undeliverable, he found Christianson's explanation for their return unbelievable because the letters were about her boss's actions (*Id.*).

On July 31, 2019, Fatheree removed the "Bey" from Winfrey-Bey's last name (Doc. 1-1, p. 20). Winfrey-Bey alleges that Fatheree did not have the authority to remove the last name because that authority lies with the assistant warden of programs and Fatheree is the chief administrative officer (*Id.*). Fatheree also supported "psychic attacks" by Boehler, Volls, McAbee, Toeiness, and Correctional Officer John Doe (assigned to the library desk), which consisted of using the name "Winfrey" as opposed to "Winfrey-Bey"(*Id.*).

Chaplain Lambert-Goheen also violated Winfrey-Bey's religious rights when she interrupted a meeting to discuss Winfrey-Bey's head covering, a skull cap he wore in place of his fez which was dirty (*Id.* at p. 21). He was not allowed to wear the skull cap.

## Preliminary Dismissals

Although Winfrey-Bey seeks to allege several counts, a number of his allegations fail to state a claim. He alleges that Fatheree and Boehler blocked his access to the law library, despite Winfrey-Bey having court deadlines (Doc. 1-1, p. 59). "[T]he mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to

access the courts, and only if the defendants' conduct prejudices a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement has this right been infringed." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). To state a claim, a plaintiff must explain "the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009) (internal quotation and citation omitted). Although he states that he had court deadlines, Winfrey-Bey fails to include what those deadlines were, whether he missed the deadlines because of defendants' actions, and whether he was unable to pursue those claims because of defendants' actions. Accordingly, this potential claim is **DISMISSED without prejudice** for failure to state a claim. The Court finds, however, that Winfrey-Bey adequately alleges a retaliation claim, which includes the denial of access to the law library in retaliation for writing a complaint to the state, as discussed below.

Winfrey-Bey also seeks to state a claim against Fatheree, Boehler, Volls, McAbee, Toeiness, and John Doe for their "psychic attacks," namely their failure to refer to him by "Bey". Although he cites the Eighth and Thirteenth Amendments, as well as a number of other domestic and international agreements, he fails to indicate how his rights were violated, other than to say the failure to include "Bey" was dehumanizing and constituted bullying. Without something more, however, the Court finds that these allegations also fail to state a claim. Thus, this potential claim is also **DISMISSED without prejudice**.

### Discussion

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following six counts:

> **Count 1:** First Amendment retaliation claim against Fatheree, Major Macoby, Major Harris, Major/Lieutenant Johnson, and John

|  |  |
|---|---|
|  | **Baldwin for writing a false disciplinary ticket in retaliation for Winfrey-Bey's complaint against Fatheree to the state legislature.** |
| **Count 2:** | **Eighth Amendment conditions of confinement claim against Lieutenant Jack and Warden Stock for placing him in a cell with no electrical outlets, hot water, or adequate heat.** |
| **Count 3:** | **First Amendment retaliation claim against Lieutenant Jack and Warden Stock for placing him in a cell which lacked electrical outlets, hot water, and adequate heat.** |
| **Count 4:** | **First Amendment interference with mail claim against Monika Christianson for opening and returning three pieces of "privileged" mail.** |
| **Count 5:** | **First Amendment and RLUIPA claim against Lambert-Goheen for requiring Winfrey-Bey to remove his religious cap during ceremonies.** |
| **Count 6:** | **First Amendment retaliation claim against Fatheree and Boehler for denying Winfrey-Bey access to the law library.** |

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[2] This includes any potential claims under any other constitutional amendment, treaty, or administrative code.

### *Severance*

Count 4 regarding Winfrey-Bey's mail and Count 5 regarding his religious cap are unrelated to the other claims in this case. Accordingly, consistent with *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007), and Federal Rules of Civil Procedure 18 and 20, the Court will sever

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

both Count 4 and Count 5 into separate cases and will open new cases with newly-assigned case numbers.

### *Remaining Counts*

At this stage, Winfrey-Bey states claims for retaliation in Counts 1, 3, and 6. *Antoine v. Ramos*, 497 F. App'x 631, 633-34 (7th Cir. 2012); *Bridges v. Gilbert*, 557 F.3d 541, 551 (7th Cir. 2009). He also states a viable conditions of confinement claim in Count 2. *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008)

### Disposition

For the reasons stated above, Count 4 against Monika Christianson and Count 5 against Lambert-Goheen are severed into two new cases. In each new case, the Clerk is **DIRECTED** to file the following documents:

- This Memorandum and Order;
- The Complaint (Doc 1);
- Winfrey-Bey's supplemental exhibits (Docs. 9, 16, 18, and 21); and
- The motion to proceed IFP (Doc. 2).

The only claims remaining in this case are Counts 1 against Fatheree, Major Macoby, Major Harris, Major/Lieutenant Johnson, and John Baldwin; Counts 2 and 3 against Lieutenant Jack and Warden Stock; and Count 6 against Fatheree and Boehler. Any potential claims against Volls, McAbee, Toeiness, and John Doe are **DISMISSED without prejudice**.

The Clerk of Court shall prepare for Defendants Jon Fatheree, Major Macoby, Major Harris, Major/Lieutenant Johnson, John Baldwin, Lieutenant Jack, Boehler, and Warden Stock: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the

Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Winfrey-Bey. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Winfrey-Bey, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Winfrey-Bey, and the judgment includes the payment of costs under Section 1915, Winfrey-Bey will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Winfrey-Bey is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a

delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 5/18/2021**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**